# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**THOMAS C. WILEY**                                                                     **PETITIONER**

**v.**                     **No. 3:17CV158-NBB-RP**

**STATE OF MISSISSIPPI, ET AL.**                                                  **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Thomas C. Wiley for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

On February 10, 2015, petitioner Thomas C. Wiley was indicted in the Desoto County Circuit Court, Cause No. CR2015-0091GCD, for unlawful use of a motor vehicle. *See* Ex. A[1] (Indictment). He was arrested in Shelby County, Tennessee and transferred to Desoto County, Mississippi on September 25, 2015. *See* Ex. B (General Docket). Desoto County, Mississippi set Mr. Wiley's court date for October 21, 2015, at which he failed to appear. *Id*. Therefore, a bench warrant was issued on November 9, 2015, which was returned on May 4, 2016, when Mr. Wiley was again transferred from Shelby County, Tennessee. *Id*. A Pretrial Scheduling Order was entered on May 16, 2016, setting his plea date for July 5, 2016. *Id*. Mr. Wiley pled guilty, and on July 5, 2016, he was sentenced to serve sixty-four (64) days in the Mississippi

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

Department of Corrections (MDOC) and four years of post-release supervision. *See* Ex. C (Sentencing Order). On August 10, 2016, a warrant was issued for Mr. Wiley for violation of the terms of his probation. *See* Ex. B. An order revoking his post release supervision was entered on April 13, 2017, because he violated the terms of his post-release supervision, and he was ordered to serve the remainder of his four years of post-release supervision in the custody of MDOC. *See* Ex. D (Order to Revoke). On May 8, 2018, Mr. Wiley was released on parole to a detainer in Fayette County, Tennessee to serve another sentence. *See* Ex. E (MDOC Housing History and Action of Parole Board).[2]

In the single ground raised in his petition for a writ of *habeas corpus*, Mr. Wiley argues that his July 5, 2016 conviction violates his right against double jeopardy, stating that he was originally convicted in Tennessee, served time in the Shelby County Detention Center, then was released to a detainer in Mississippi and charged with the same crime in Desoto County he was previously charged with in Tennessee. ECF Doc. 1. In the instant petition, Mr. Wiley acknowledges that he has not filed a motion for post-conviction collateral relief raising the ground asserted in his petition. ECF doc. 1.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[2] It appears that, on June 8, 2018, the petitioner was released from Fayette County, Tennessee to Shelby County, Tennessee and is not currently being housed in any Shelby County, Tennessee detention center. While Respondents recognize that Petitioner is no longer in the custody of the Mississippi Department of Corrections, Petitioner may have potential time to serve in Mississippi if he is revoked again.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mr. Wiley challenges his conviction as violating his right against double jeopardy. His conviction became final on July 5, 2016, the date he pled guilty, and he has not sought post-conviction collateral relief.[3] Thus, the deadline for seeking federal *habeas corpus* relief became July 5, 2017 (July 5, 2016 + 1 year). In the instant case, Mr. Wiley dated his federal *habeas corpus* on July 24, 2017, Doc. 1 at 20, and it was stamped as "filed" in this court on August 28, 2017. Doc. 1. *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing).

---

[3] As Mr. Wiley pled guilty to the crime at issue and was sentenced, he was unable to appeal the conviction to the Mississippi Supreme Court. *See* Miss. Code Ann. § 99-35-101.

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on July 24, 2017, and the date it was received and stamped as "filed" in the district court on August 28, 2017. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 19 days after the July 5, 2017, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of February, 2019.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE